# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(Filed: July 18, 2017)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| STACI PUTNAM, as Personal | * | |
| Representative of the Estate of | * | No. 16-1273V |
| A.B., Deceased, | * | |
| | * | Chief Special Master Dorsey |
| Petitioner, | * | |
| | * | Unopposed Motion for Interim |
| v. | * | Attorneys' Fees and Costs; Reasonable |
| | * | Amount to Which Respondent Does Not |
| SECRETARY OF HEALTH | * | Object |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

<u>Scott Rooney</u>, Nemes, Rooney, PC, Farmington Hills, MI, for petitioner.
<u>Christine Becer</u>, U.S. Department of Justice, Washington, DC, for respondent.

## INTERIM ATTORNEYS' FEES AND COSTS DECISION[1]

On June 21, 2017, Scott Rooney filed a motion to substitute new counsel for petitioner in the above-captioned case. Motion to Substitute Attorney dated June 21, 2016 (ECF No. 54) ("Mot. to Subst."). Petitioner also filed a motion for interim attorneys' fees and costs on June 21, 2017. Motion for Interim Attorneys' Fees and Costs dated June 21, 2017 (ECF No. 53) ("Pet'r's Int. App.").

For the following reasons, the undersigned GRANTS petitioner's motion for interim fees and costs and awards $15,817.50 in fees and $3,505.55 in costs, for a total award of $19,323.05.

### I.     Procedural History

On October 5, 2016, Staci Putnam ("petitioner") filed a petition in the National Vaccine Injury Program[2] ("Program") as personal representative of the estate of A.B., deceased, alleging

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended,

that the flu vaccine A.B. received on or about October 20, 2014, caused his Chronic Inflammatory Demyelinating Polyneuropathy (CIDP) and eventual death.  Petition at 4.

Petitioner filed medical records on compact disc on October 6, 2016, and on October 17, 2016.  Notice of Intent to File on Compact Disc (ECF No. 1, Exhibit 2; ECF No. 11).  Petitioner did not file a Statement of Completion.  During the initial status conference held on November 1, 2016, respondent identified a list of records necessary to complete his review of the case.  The undersigned directed petitioner to file these records and a Statement of Completion within sixty days.  Scheduling Order dated November 2, 2016. (ECF No. 14).

On January 3, 2017, the day on which petitioner was to file all necessary medical records and a Statement of Completion, petitioner instead filed a motion for enlargement of time of at least thirty to sixty days because the facility from which he was requesting the records indicated that it would take more than thirty days to obtain the records.  Motion for Enlargement of Time (ECF No. 23).  On January 4, 2017, the undersigned granted petitioner an additional sixty days, until March 6, 2017, to file the remaining records and a Statement of Completion.  Order dated January 4, 2017.  (ECF No. 24).  On March 8, 2017, petitioner filed a second motion for enlargement of time, of at least sixty days, to file the remaining records and a Statement of Completion.  Motion for Enlargement of Time (ECF No. 27).  An Order to Show Cause for failure to prosecute was issued on March 10, 2017, directing petitioner's counsel to associate with another attorney who is familiar with the Program and who could provide assistance to him.

On May 15, 2017, petitioner filed a status report indicating that she has found counsel willing to substitute as attorney for petitioner in this matter, but that the additional records still had not been filed.  Status Report (ECF No. 47).  On June 21, 2017, Mr. Rooney filed a Motion to Substitute Attorney for petitioner, as well as a motion for interim fees and costs.

Petitioner requests $15,817.50 in interim fees and $3,505.55 in interim costs, for a total request of $19,323.05.  Pet'r's Int. App. at 3.  On July 10, 2017, respondent filed a response to petitioner's motion.  Respondent's Response dated July 10, 2016 (ECF No. 55) ("Resp's Resp.").  Respondent challenges the appropriateness of interim fees at this juncture.  Id. at 3.  Respondent also believes that the requested fees are too high.  Id.   However, respondent stated that, "[s]hould the Special Master conclude that an award of interim fees and costs is appropriate, respondent respectfully recommends that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  Id. at 4.  Petitioner did not file a reply.

This matter is now ripe for adjudication.

## II.     Legal Standard

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act.  Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010); Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343 (Fed. Cir. 2008).  The Circuit has stated, "Congress made clear that denying interim attorneys' fees under the

---

42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Vaccine Act is contrary to an underlying purpose of the Vaccine Act." Cloer v. Sec'y of Health & Human Servs., 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In Avera, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In Shaw, the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. However, Avera did not exclusively define when interim fees area appropriate, rather it has been interpreted to allow special masters discretion. See Kirk v. Sec'y of Health & Human Servs., No. 08-241V, 2013 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); Bear v. Sec'y of Health & Human Servs., No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three Avera criteria- protracted proceedings, costly expert testimony, and undue hardship- special masters have instead treated them as possible factors in a flexible balancing test. Avera, 515 F.3d at 1352; Al-Uffi v. Sec'y of Health & Human Servs., No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

The undue hardship inquiry looks at more than just financial involvement of petitioner; it also looks at any money expended by petitioner's counsel. Kirk, 2013 WL 775396, at *2 (finding "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel."). Accordingly, special masters have routinely awarded interim fees to petitioner's original counsel when they are proceeding through litigation with new representation. Woods v.Sec'y of Health & Human Servs., 105 Fed. Cl. 148, 154 (Fed. Cl. 2012); Bear, 2013 WL 691963, at *5; Lumsden v. Sec'y of Health & Human Servs., No. 97-588, 2012 WL 1450520, at *6 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). As of June 21, 2017, petitioner has obtained new counsel. Due to the nature of the Vaccine Program, it is impossible to know how long it will take for a petition to reach its resolution. Thus, it is difficult to gauge how long Mr. Rooney might have to wait for payment if he were unable to recover for attorneys' fees and costs until after the case has concluded. This uncertainly is an undue hardship that entitles Mr. Rooney to an interim fees award.

If interim fees are deemed appropriate, a petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the undersigned finds that she brought her petition in good faith and with a reasonable basis. § 15(e)(1); Avera, 515 F.3d at 1352; Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010); Woods, 105 Fed. Cl. at 154; Friedman v. Sec'y of Health & Human Servs., 94 Fed. Cl. 323, 334 (Fed. Cl. 2010); Doe 21 v. Sec'y of Health & Human Servs., 89 Fed. Cl. 661, 668 (Fed. Cl. 2009); Bear, 2013 WL 691963, at *5; Lumsden, 2012 WL 1450520, at *4. A petitioner "bears the burden of establishing the hours expended." Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (1991) (affirming special master's reduction of fee applicant's hours due to inadequate recordkeeping), aff'd after remand, 988 F.2d 131 (Fed. Cir. 1993) (per curiam). Reasonable attorneys' fees are determined by "'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Avera, 515 F.3d at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs," Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994), and may increase or reduce the initial fee award calculation based on specific findings. Avera, 515 F.3d at 1348.

Respondent did not raise any objection to the good faith or reasonable basis for the claim. As there is no other reason to deny the award of interim fees, interim fees will be awarded to petitioner.

### III. Discussion

#### a. Reasonable Attorneys' Fees

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a local other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis exception applies, and that petitioner's counsel is paid according to the local rate. Id.; see Davis County Solid Waste Management and Energy Recovery Special Service District v. United States Environmental Protection Agency, 169 F.3d 755 (D.C. Cir. 1999).

##### i. Hourly Rate

Petitioner requests compensation for Mr. Rooney and his partner, Mr. Thomas Nemes, at a rate of $300.00 per hour for the work they have expended in the case thus far. Pet'r's Int. App. at 2. In addition, she also seeks to recover costs for work performed by Mr. Rooney's paralegal at a rate of $55.00 per hour. Id. at 3. In the past, Mr. Rooney has been granted $300.00 per hour. Franklin v. Sec'y of Health & Human Servs., No. 13-582V, 2017 WL 443802, at *2 (Fed. Cl. Spec. Mstr. Jan. 3, 2017). This is below the forum rate and is likely reflective of the local rates of the area in which Mr. Rooney practices. The undersigned agrees with this past decision and finds that a reasonable hourly rate for Mr. Rooney and Mr. Nemes is $300.00 per hour, and that reasonable hourly rates for his paralegal is $55.00 per hour.

##### ii. Hours Expended

Mr. Rooney requests compensation for 66.2 total hours of work performed on petitioner's case by himself, Mr. Nemes, and their paralegal. Pet'r's Int. App., Exhibit 1 at 9. Respondent did not object to the overall amount of time petitioner's counsel spent working on her case. Petitioner requests compensation for 12.4 hours of work related to probate matters. See generally Pet'r's Int. App., Exhibit 1. This Court has previously compensated petitioners for probate expenses incurred in establishing an estate for a deceased minor, as in the present case. See Shook v. Sec'y of Health & Human Servs., No. 08-732V, 2011 WL 845910 at *1 (Fed. Cl. Spec. Mstr. Feb. 15, 2011). After carefully reviewing the billing records, the undersigned finds that the hours spent are reasonable and will thus pay them in full.

For all of the reasons discussed above, the undersigned awards petitioner a total of $15,817.50 in interim fees.

#### b. Costs

Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees. See Perriera v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests compensation for costs such as photocopying, medical record collection, postage, and the filing fee. Pet'r's Int. App., Exhibit 1 at 10-13. The undersigned finds all these costs reasonable and will pay them in full, thus awarding petitioner $3,505.55 in costs.

### IV. Conclusion

The undersigned finds an interim award of attorneys' fees and costs appropriate at this time.

**Accordingly, the undersigned awards a total of $19,323.05 as a lump sum in the form of a check made jointly payable to petitioner and petitioner's attorney, Mr. Scott Rooney.**

In the absence of a motion for review filed pursuant to RCFC Appendix B,[3] the Clerk of the Court is directed TO ENTER JUDGMENT herewith.

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.