# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1273V
### Filed: April 12, 2022
### UNPUBLISHED

| | |
|---|---|
| STACI PUTNAM, as Personal Representative of the Estate of A.B., Deceased, <br><br>               Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>               Respondent. | Special Master Horner <br><br> Influenza ("Flu") vaccine; Chronic inflammatory demyelinating polyneuropathy ("CIDP"); attorney's fees and costs |

*Michael G. McLaren, Black McLaren, et al., PC, Memphis, TN, for petitioner.*
*Christine Mary Becer, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 5, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 *et seq*. (2018)[2] (the "Vaccine Act") on behalf of her deceased child A.B.  Petitioner alleges that as a result of receiving an influenza vaccination on October 20, 2014, A.B. suffered chronic inflammatory demyelinating polyneuropathy ("CIDP").  (ECF No. 1.)  The parties ultimately resolved the dispute informally on January 5, 2021.  (ECF No. 138.)

On March 25, 2021, petitioner filed an application for attorneys' fees and costs. (ECF No. 143.)  Petitioner requests total attorneys' fees and costs in the amount of $170,807.92, representing $130,239.70 in attorneys' fees and $40,568.22 in costs.  (*Id.*) Pursuant to General Order No. 9, petitioner has indicated that she has not personally

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2]  Hereinafter, all references to "§300aa" refer to sections of the Vaccine Act.

incurred any costs in pursuit of this litigation.  (ECF No. 143-3.)  Respondent filed his response on April 8, 2021, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this cast."  (ECF No. 144, p. 2.)  Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008).  This is a two-step process.  *Id.* at 1347-48.  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).  Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'"  *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  *See Blum*, 465 U.S. at 894-95.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.* at 895, n.11.  Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable.  *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their

prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a.  Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020, 2021, and 2022 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Michael McLaren, $440.00 per hour for work performed in 2017, $456.00 per hour for work performed in 2018, $464.00 per hour for work performed in 2019, and $484.00 per hour for work performed in 2020 and 2021; for Mr. Chris Webb, $315 per hour for work performed in 2017, $326.00 per hour for work performed in 2018, $338.00 per hour for work performed in 2019, $351.00 per hour for work performed in 2020, and $364.00 per hour for work performed in 2021; and for Mr. William Cochran Jr., $365.00 per hour for work performed in 2017, $377.00 per hour for work performed in 2018, $391.00 per hour for work performed in 2019, and $405.00 per hour for work performed in 2020. Petitioner also requests the following rates for work done by law clerks and paralegals during her representation as well: for paralegals, $145.00 per hour for work completed in 2017, $155.00 per hour for work completed in 2019, $160.00 per hour for work completed in 2020, and $161.00 per hour for work completed in 2021; for law clerks, $153.00 per hour for work completed in 2018.  (ECF No. 143-2.)  These rates are reasonable and consistent with those previously awarded for work done by petitioner's counsel in previous cases.  *See Steiger v. Sec'y of Health & Human Servs.*, No. 19-775V, 2021 WL 4893580 (Fed. Cl. Spec. Mstr. Sept. 17, 2021); *Digerolamo v. Sec'y of Health & Human Servs.*, No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. June 28, 2019); *Rupert v. Sec'y of Health & Human Servs.*, No. 15-841V, 2021 WL 6201444 (Fed. Cl. Spec. Mstr. Dec. 13, 2021); *Middleton v. Sec'y of Health & Human Servs.*, No. 17-1910V, 2020 WL 6266699 (Fed. Cl. Spec. Mstr. Jan. 6, 2020).

### b.  Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.  While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary.  *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr.

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

Apr. 28, 2015).  Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26.

Upon review of the hours submitted in petitioner's counsel's application I find that the hours are largely reasonable.  The only billing warranting a reduction is for internal communications between law clerks, paralegals, and attorneys.  *See Digerolamo*, 2019 WL 4305792 at *2-3 (reducing the McLaren firm's bill by 5% based on their inclusion of internal communications including entries for sending e-mails, intra-office meetings, office and office conferences as well as administrative tasks such as scanning, copying, and mailing).  The entries billed for internal communications were similar to those that Special Master Dorsey found unreasonable in the *Digerolamo* case and total $2,226.00 in this case.  Accordingly, I find that petitioner's total attorneys' fees should be reduced by $2,226.00 for a total award of $128,013.70.

### c.  Attorneys' Costs

Attorneys' costs are subject to the same reasonableness requirements as attorneys' fees.  *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375.  The majority of the costs incurred in this case are for expert reports with the remainder consisting of costs related to travel, professional services, and medical records requests.  (ECF No. 143-2.)  Upon my review, the requested costs are reasonable and sufficiently documented.[4]  Petitioner is therefore awarded the full amount of costs sought for a total of $40,568.22 in costs.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that beyond the entries cited above, petitioner's request for fees and costs is reasonable. Accordingly, petitioner is awarded **a lump sum in the amount of $168,581.92, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's counsel, Mr. Michael G. McLaren, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[4] However, retainer costs of $4,000 paid to Dr. Souayah and $1,000 paid to Dr. Miller were missing itemized invoices from the experts, and instead supported simply by copies of the checks paid to these experts and internal e-mails memorializing petitioner's counsels requests for those checks.  (ECF No. 143-2, pp. 77, 82.)  Upon my review of the entire record and given the circumstances of the case, I am satisfied that there is adequate documentation to assess that the total amounts requested for reimbursement for these two experts are reasonable in light of the work they performed in this case.  (*See* Exs.43, 122; ECF No. 121.)